UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JOHN BOZEMAN,**

    **Plaintiff,**

v.                                                                          Case No: 5:12-cv-7-RS-EMT

**K.E.S. GROCERY, INC., d/b/a**
**SAVE-A-LOT,**

    **Defendant.**
_____/

**STIPULATED PROTECTIVE ORDER**

Before me is the Joint Motion for Entry of Stipulated Protective Order (Doc. 36). Pursuant to Fed. R. Civ. P. 26(c), it is ordered that the following procedures are to be used in this action for the protection of the parties against the improper disclosure or use of confidential information produced in discovery or filed with this Court:

    **1.**    **MATERIALS COVERED**.

The terms of this Stipulated Protective Order apply to (1) any materials produced in discovery containing confidential trade secret (see § 688.002(4), Florida Statutes), commercial, business, financial, or personal identification information ("Protected Information"), including, but not limited to, proprietary

information regarding Defendant's finances; (2) any deposition, court filing, discovery request, or response containing or referring to Protected Information; and (3) abstracts, summaries, or notes of Protected Information contained in or derived from any of the foregoing documents or depositions. Such materials may be protected by designation as "Confidential" as described in paragraph 3 below.

## 2. DISCLOSURE OF DOCUMENTS.

All materials produced in discovery designated "Confidential" ("Confidential Materials") shall not be disclosed to any person, corporation, or entity for any purpose except as otherwise provided herein. Confidential Materials shall be used only for the purpose of this action and shall not be used at any time for any other purpose whatsoever. Such designation shall, without more, subject the designated Confidential Materials to the provisions of this Protective Order, and all such material shall be protected, used, handled, and disposed of strictly in accordance with the provisions of this Order. All persons to whom Confidential material is disclosed shall be informed of and shown a copy of this Stipulated Protective Order. The use of materials or information otherwise in the lawful possession of any party to this Stipulated Protective Order (or third party) or that becomes public, other than by violation of this Stipulated Protective Order, shall not be subject to these restrictions.

3.     **"CONFIDENTIAL" MATERIAL**.

(a)    Materials may be designated "Confidential" by any party or entity subject to discovery in this action (the "Producing Party") pursuant to the terms of this Stipulated Protective Order whenever the Producing Party has a good faith belief that the materials constitute or contain Protected Information. Such materials may be disclosed only for the purpose of this action and not for any other purpose. Such disclosure may be made only to:

(i)    The parties subject to this Stipulated Protective Order, including their employees and including any non-named class members and their respective representatives who are necessary to the prosecution or defense of this action;

(ii)   In-house and outside counsel for the parties and including any non-named class members and their respective representatives to this Stipulated Protective Order, including the employees of any such counsel to the extent reasonably necessary;

(iii)  The Court, court reporters, and other persons employed by the Court;

(iv)   Witnesses to the extent such materials are relevant to the subjects and scope of their testimony;

(v) Any expert who is retained by a party subject to this Stipulated Protective Order. Persons to whom disclosure is made pursuant to this subparagraph will be shown only those Confidential Materials as are necessary to enable him/her to render the assistance required and shall not be permitted to retain copies after his/her assistance is ended; and

(vi) Duplicating services, and auxiliary services of a like nature, routinely engaged by counsel for the parties subject to confidentiality restrictions.

(b) Each person described in subparagraphs (a)(iv) and (v) of this paragraph to whom a party intends to provide Confidential Materials shall read this Stipulated Protective Order and shall execute an undertaking in the form attached as Exhibit A, and shall agree to be bound by this Stipulated Protective Order. A copy of such executed undertaking shall be provided to opposing counsel. No Confidential Materials shall be provided or disclosed to said person for a period of ten (10) days following the provision to opposing counsel of the undertaking identifying the intended recipient of the Confidential Materials. During that ten-day period, a party may file with the Court an objection to the disclosure of its Confidential Materials to the person disclosed. Until such objection is resolved, no Confidential Materials may be disclosed to the person who is the subject of the

pending objection.

(c) A party to this Stipulated Protective Order may request permission to disclose Confidential Materials to a specific individual not authorized under subparagraph (a) of this paragraph to have access thereto, and such request shall identify the individual and state the reason for the request. Specifically, no Confidential Materials are to be disclosed to anyone who has not read this Stipulated Protective Order and executed the undertaking in the form attached as Exhibit A, and agreed to be bound by this Stipulated Protective Order absent request under this section and Court approval. If the parties are unable to resolve the request by agreement, the dispute shall be presented to the Court for resolution, pursuant to the provisions of paragraph 5 hereof.

4. **INVOCATION OF THIS STIPULATED PROTECTIVE ORDER**.

The protection of this Stipulated Protective Order may be invoked with respect to any confidential covered material in the following manner. With respect to documents or the response to any discovery request, the copy of the document or response when copied and delivered to a party shall bear the clear and legible designation "Confidential". With respect to any deposition, such treatment may be invoked by: (1) declaring the same on the record at the deposition or (2)

designating specific pages as "Confidential" and serving such designations within twenty (20) days of receipt of the transcript of the deposition in which the designations are made or such reasonable time under the circumstances as the parties subject to this Stipulated Protective Order may agree. All deposition transcripts shall be treated as "Confidential" for the twenty-day period following receipt of each transcript. Such materials may be designated as "Confidential" to the extent that the disclosure of the information could have a material adverse effect on the business of the designating party.

5. **CHALLENGE TO DESIGNATION**.

A party may apply to the Court for an order modifying or removing the "Confidential" designation with respect to any material. Prior to filing any such motion, such party shall contact the Producing Party in a good faith effort to resolve the dispute. Any material designated as "Confidential" shall be treated as such under the provisions of this Stipulated Protective Order until further order of the Court. The burden of proving that the materials should maintain their confidential status must be met by the Producing Party. There shall be no obligation to challenge a "Confidential" designation when made, and a failure to do so shall not preclude a subsequent challenge thereto.

6. **HANDLING AND DISPOSITION OF MATERIALS**.

All material designated "Confidential" shall remain in the possession of the parties to this Stipulated Protective Order. The parties shall limit access to and shall not permit any such materials to leave their possession, except as follows: All persons receiving access to "Confidential" information or material pursuant to the terms of this Stipulated Protective Order shall execute the form attached hereto and incorporated by reference herein as Exhibit "A" entitled: "AGREEMENT CONCERNING DOCUMENTS AND INFORMATION SUBJECT TO THE STIPULATED PROTECTIVE ORDER":

(a) Copies of "Confidential" materials may be made for the use of those lawyers and employees of the parties working directly on this matter;

(b) One copy of "Confidential" material may be made for use by an expert, such copy being retained in the expert's office at all times and securely maintained;

(c) Copies may be submitted to the Court in connection with any proceedings, motions or hearings, provided that the party seeking to submit such copies to the Court under seal or appropriate redaction pursuant to appropriate procedures. Such sealed materials shall be kept under seal for the time period specified by the Court.

(d)     Within 60 days after the termination of this action, each party to this Stipulated Protective Order shall return to the Producing Party all documents and copies containing "Confidential" material (including, but not limited to, the copies in the possession or control of any expert) or shall certify destruction of all such "Confidential" material, provided however, that counsel for any party may retain attorney work product and copies of papers filed with the Court, so long as such materials continue to be maintained in accordance with the provisions hereof.  If the documents are not returned or destroyed, the Producing Party shall be entitled to reasonable costs and attorney's fees incurred in securing return of the documents or certification of their destruction.

(e)     Upon the final conclusion of this litigation (including final resolution of all appeals in this litigation):

    (i)     Any Confidential Materials produced hereunder that have been submitted for identification or into evidence at any hearing or trial in this litigation may be withdrawn from the Clerk's office by request of counsel for the party who offered such Confidential Materials into evidence with a copy of any such request provided contemporaneously to opposing counsel;

    (ii)    The Clerk is authorized to deliver such Confidential Materials

to counsel for the respective parties as requested.

**7.     FURTHER APPLICATION.**

This Stipulated Protective Order shall survive the final conclusion of this litigation and continue in full force and effect and the Court shall retain jurisdiction to enforce this Stipulated Protective Order.  The parties and anyone else subject to this Stipulated Protective Order obtaining access to any Confidential Materials or information exchanged under this Stipulated Protective Order shall have a continuing duty to keep the Confidential Materials or information designated pursuant to this Stipulated Protective Order confidential following the conclusion of this litigation.  The provisions of this Stipulated Protective Order shall not terminate, however, at the conclusion of this action.  Nothing in this Stipulated Protective Order shall preclude any party from applying to the Court for additional or different protective provisions in respect to specific material if the need should arise during this action.  Nothing in this Stipulated Protective Order shall bar or in any way restrict any attorney for the parties from rendering advice to their respective clients with respect to this litigation.  Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the applicable statutes, rules or doctrines regarding attorney-client or attorney work product privileges.

## 8. MODIFICATION.

The parties may modify any of the provisions of this Stipulated Protective Order only by written agreement among all the parties or may apply to the Court for an appropriate modification for good cause shown.

**ORDERED** on May 17, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**

EXHIBIT A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

JOHN BOZEMAN,

          Plaintiff,

v.

K.E.S. GROCERY, INC., d/b/a
SAVE-A-LOT,

          Defendant.
_____/

Case No.: 5:12-cv-00007/RS/EMT

**AGREEMENT CONCERNING DOCUMENTS AND INFORMATION
SUBJECT TO
<u>STIPULATED PROTECTIVE ORDER</u>**

     My name is _____, I maintain my business address at _____, I am employed by _____, and I hereby acknowledge that:

     (1)   I have read the Stipulated Protective Order, dated _____, 2012 (the "Stipulated Protective Order") entered by the Court in the above styled action, understand the terms thereof, and agree to be bound by such terms;

     (2)   I will not reveal the contents of designated "Confidential" material or information to any unauthorized person as defined in the Stipulated Protective

Order;

(3)   I will not use designated "Confidential" material or information for business or competitive purposes, or for any purpose other than in furtherance of this action; and

(4)   I consent and submit to the jurisdiction of the United States District Court for the Northern District of Florida, Panama City Division, for purposes of enforcement of the Stipulated Protective Order.

Dated:_____, 2012.

_____
Signature
Name:

000116-37855 CP#64